■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW CHACKO, Appellant. [952 NYS2d 160]—

This case presents factual issues requiring a hearing into whether defendant was deprived of effective assistance of counsel under *Padilla v Kentucky* (559 US —, 130 S Ct 1473 [2010]). Defendant alleges that his attorney prejudicially failed to advise him of the immigration consequences of his plea. Defendant acknowledges that his attorney was unaware her client was not a United States citizen, but alleges that the attorney never asked him anything about his citizenship.

The People would place the burden on a defendant to show that his or her attorney was aware, or should reasonably have been aware, that the client was a noncitizen in order to trigger the obligation to give advice regarding immigration consequences. However, we see no reason to limit *Padilla* to cases where the client volunteers that he or she is not a US citizen, or some other circumstance casts doubt on the client's US citizenship. Instead, the burden of asking the client about his or her citizenship should rest on the attorney. A defendant who is unaware that his or her immigration status is relevant to the criminal proceedings "would have no particular reason to affirmatively offer information regarding his or her immigration status to counsel" (*People v Picca*, 97 AD3d 170, 179 [2d Dept 2012]). This case warrants, at least, a hearing into whether defendant misinformed his attorney as to his citizenship, or whether counsel had any other reason for not inquiring about that matter.

This case also warrants a hearing on the prejudice prong of defendant's *Padilla* claim. Defendant made a sufficient showing to at least raise an issue of fact as to whether he could have rationally rejected the plea offer under all the circumstances of the case, including the serious consequences of deportation, defendant's incentive to remain in the United States, the strength of the People's case and defendant's sentencing exposure (*see Picca*, 97 AD3d at 183-186). Furthermore, defendant sufficiently alleges that if immigration consequences had been factored into the plea bargaining process, counsel might have been able to

negotiate a different plea agreement that would not have resulted in automatic deportation.

In light of this determination, we do not reach defendant's challenges to the voluntariness and fundamental fairness of his plea, and his claim that his sentence was unconstitutionally harsh. Concur—Andrias, J.P., Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ.