■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIN PINTO, Appellant. [21 NYS3d 115]—

Appeals by the defendant, by permission, from (1) an order of the Supreme Court, Queens County (Wong, J.), dated

September 22, 2014, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered April 24, 2003, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence, and (2) an order of the same court dated January 29, 2015, which denied his motion, in effect, to renew his motion pursuant to CPL 440.10 to vacate the judgment rendered April 24, 2003.

Ordered that the order dated September 22, 2014, is reversed, on the law and as a matter of discretion, the order dated January 29, 2015, is vacated, and the matter is remitted to the Supreme Court, Queens County, for a hearing and a new determination thereafter of the defendant's motion; and it is further,

Ordered that the appeal from the order dated January 29, 2015, is dismissed as academic in light of our determination of the appeal from the order dated September 22, 2014.

The defendant is an immigrant from Colombia who has resided in the United States since 1994, when he was approximately 18 years old. On March 28, 1994, he obtained permanent resident status through his parents.

In 2002, the defendant was charged with criminal sale of a controlled substance in the third degree and certain lesser included offenses. On February 14, 2003, he pleaded guilty to a single count of attempted criminal sale of a controlled substance in the third degree, in satisfaction of Queens County superior court information No. 10034/03. At the plea proceeding, the defendant was represented by attorney Phillip Middler, who was handling the case for the defendant's attorney, William Ezersky. The Supreme Court asked defense counsel, "Is there any issue as to deportation of your client as a result of this?" Defense counsel replied, "There's a possibility of that, Judge." The court then asked, "He still wants the plea despite that issue?" and defense counsel replied, "Yes." The court asked, "Counsel, have you discussed these matters with your client?" and defense counsel replied, "Yes."

The defendant was promised a sentence of probation for a period of five years, with a condition that he complete a certain program. He was also advised that his driver license privileges would be suspended. He waived his right to appeal. On April 24, 2003, the promised sentence was imposed, and the defendant did not appeal from the judgment of conviction.

On July 31, 2012, the defendant applied to the United States Citizenship and Immigration Services for United States citizenship. On July 2, 2013, his application was denied on the ground

that the offense of which he had been convicted, attempted criminal sale of a controlled substance in the third degree, was an aggravated felony as defined in 8 USC § 1101 (a) (43). Thus, as a matter of law, the conviction had rendered him permanently ineligible for naturalization. Thereafter, the United States Department of Homeland Security commenced a removal proceeding against him, and he was taken into custody and held in a facility operated by the Immigration and Customs Enforcement Unit of the Department of Homeland Security (hereinafter ICE) in New Jersey while he awaited mandatory deportation.

On or about July 3, 2014, the defendant moved pursuant to CPL 440.10 to vacate his judgment of conviction, alleging that he received ineffective assistance of counsel in connection with the entry of his plea of guilty. The defendant claimed, in an affidavit, that his attorney never advised him that he would be subject to mandatory deportation if he pleaded guilty to attempted criminal sale of a controlled substance in the third degree. Rather, he allegedly was advised that "it was only possible" that he would be deported as a result of his conviction. He claimed he never would have pleaded guilty if he had known the true immigration consequences. He alleged that he "was not guilty of the sale that I was accused of, but rather, only pled guilty because my attorney told me that it was the only way to avoid going to jail for a prolonged period of time, and because, he said I would have a chance to prevail if Immigration tried to deport me." The defendant's attorney on the motion submitted an affirmation stating that he spoke to Middler, the attorney who appeared on behalf of the defendant at the plea proceeding, and asked Middler to submit an affirmation in support of the motion. However, Middler did not return defense counsel's subsequent messages, and defense counsel was therefore unable to obtain an affirmation from Middler.

By order dated September 22, 2014, the Supreme Court denied the defendant's motion. The court, citing *People v Argueta* (46 AD3d 46 [2007]), reasoned that the defendant's allegation that his attorney advised him that deportation was merely possible rather than mandatory—even if true—was not an affirmative misrepresentation and did not constitute ineffective assistance of counsel. The court also determined that the defendant's claims were supported solely by his "self-serving" allegations, without an affidavit from his former attorney concerning the advice that he actually received as to the immigration consequences of his plea of guilty.

On or about November 3, 2014, the defendant, represented

by new counsel, moved, in effect, to renew his motion to vacate the judgment of conviction. His attorney on this motion stated in his affirmation that he contacted the defendant's original attorney for the criminal proceeding, William Ezersky, about the advice Ezersky gave the defendant, and was informed that Ezersky no longer had a file on the case, and had no memory of the case. In an affidavit, the defendant claimed that Ezersky advised him, on the morning of the day he pleaded guilty, that people in his position are rarely deported, and if the defendant were "put in proceedings, [he] would have a good chance of not getting deported." By order dated January 29, 2015, the Supreme Court denied the motion. Citing CPL 440.10 (3) (b) and (c), the court concluded that the issue raised was previously determined against the defendant on the merits, and the defendant could have raised all grounds or issues in his prior motion to vacate the judgment of conviction. The defendant appeals, by permission, from the orders dated September 22, 2014, and January 29, 2015.

CPL 440.10 provides that the court "must" deny a motion to vacate a judgment of conviction when the ground or issue raised was previously determined on the merits on appeal from the judgment, or there were sufficient facts in the record which would have permitted appellate review of the issue on direct appeal, but no review occurred owing to the defendant's unjustifiable failure to perfect a direct appeal, or raise the issue on direct appeal (CPL 440.10 [2] [a], [c]; *see People v Hamilton*, 115 AD3d 12, 20 [2014]). In this case, there was no appeal from the judgment, and the claims supporting the defendant's motions involve matter both on and off the record. Therefore, the proper procedural course for the defendant was a motion pursuant to CPL 440.10 (*see People v Diallo*, 113 AD3d 199 [2013]; *People v Maxwell*, 89 AD3d 1108, 1109 [2011]).

A defendant seeking to vacate a judgment of conviction on the ground of ineffective assistance of counsel need not submit an affidavit or affirmation from his or her former attorney attesting to counsel's ineffectiveness (*see People v Radcliffe*, 298 AD2d 533, 534-535 [2002]; *accord People v Washington*, 128 AD3d 1397, 1399 [2015]). Moreover, here, the defendant submitted an explanation for his failure to submit affirmations from his former attorneys (*see People v Morales*, 58 NY2d 1008, 1009 [1983]), and some support for the defendant's allegations may be found in Middler's statement on the record at the plea proceeding indicating that deportation was only a "possibility."

In *Padilla v Kentucky* (559 US 356 [2010]), the United States Supreme Court ruled that the Sixth Amendment to the United

States Constitution requires criminal defense counsel to advise their noncitizen clients about the risk of deportation arising from a guilty plea. However, that decision is not applied retroactively to state court postconviction proceedings (*see People v Baret*, 23 NY3d 777, 781 [2014]). Since the defendant's judgment of conviction became final when his time to take an appeal expired—long before *Padilla* was decided in 2010—*Padilla* is not applicable here. Therefore, "counsel's failure to warn a defendant that a guilty plea might lead to removal from the United States" (*People v Baret*, 23 NY3d at 785) does not, in this case, amount to ineffective assistance of counsel.

However, "inaccurate advice about a guilty plea's immigration consequences constitute[s]" ineffective assistance of counsel (*id.*; *see People v McDonald*, 1 NY3d 109, 111 [2003]). In *McDonald*, the defendant was advised that his conviction, upon his plea of guilty, would not result in his deportation (*see id.* at 115). Here, the defendant allegedly was advised that his conviction carried the "possibility" of deportation, and the Supreme Court, citing *People v Argueta* (46 AD3d 46 [2007]), concluded that this advice did not constitute ineffective assistance of counsel. In *Argueta*, the defendant's plea of guilty to possession of cocaine, while not an aggravated felony in and of itself, became an aggravated felony because of the defendant's prior record. Counsel's alleged ineffectiveness in that case was his failure to "quantify the possibility or likelihood of deportation" (*id.* at 49), which he was not required to do. In this case, on the other hand, deportation was mandatory at the time the defendant entered his plea of guilty based upon the offense itself (*see* 8 USC § 1101 [a] [43]).

In *People v Galan* (116 AD3d 787 [2014]), as in this case, the defendant pleaded guilty to criminal sale of a controlled substance in the third degree, and was sentenced to a period of probation of five years. In 2010, the defendant was arrested on an unrelated charge, and ICE initiated removal proceedings on the ground that the crime was a deportable offense. At a hearing on the defendant's motion to vacate his judgment of conviction, the defendant's former attorney testified that, in accordance with her general practice at the time, "she would have advised the defendant that he would be subject to deportation as a result of his guilty plea to a drug-related offense" (*id.* at 789). This Court ruled that the defendant's motion to vacate his judgment of conviction should have been denied. In this case, on the other hand, the defendant claims he was advised that deportation was not likely, and no evidence was submitted to refute that claim.

In order to secure the vacatur of his judgment of conviction, the defendant must establish that there was "a reasonable probability that, if counsel had informed him that he was certain to be deported as a result of his guilty plea, he would not have pleaded guilty and would have gone to trial" (*People v Hernandez*, 22 NY3d 972, 976 [2013]). Here, in addition to making the foregoing assertions in support of his motion, the defendant further claimed that if immigration consequences had been factored into the plea bargaining process, counsel might have been able to negotiate a different plea agreement that would not have resulted in automatic deportation (*see People v Chacko*, 99 AD3d 527, 527-528 [2012]). For example, if the defendant had pleaded guilty to possession of cocaine, he would not have been subject to mandatory deportation (*see Aguirre v Immigration & Naturalization Serv.*, 79 F3d 315 [1996]).

In view of the foregoing, the defendant sufficiently alleged that counsel provided incorrect information concerning the deportation consequences of his plea of guilty, and that he was prejudiced by counsel's conduct, to warrant a hearing. Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a hearing (*see People v Ricketts-Simpson*, 130 AD3d 1149 [2015]; *People v Reynoso*, 88 AD3d 1162 [2011]) and a new determination thereafter of the defendant's motion to vacate the judgment of conviction. Leventhal, J.P., Roman, Hinds-Radix and Barros, JJ., concur.