■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL ROBERTS, Appellant. [38 NYS3d 618]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Westchester County (Capeci, J.), entered April 29, 2014, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered July 1, 2009, convicting him of criminal possession of marihuana in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Westchester County, for a hearing and a new determination thereafter of the defendant's motion.

The defendant is a lawful permanent resident of the United States, who emigrated from Jamaica in 1984 when he was 10 years old. In 2008, after a search of his car during a traffic stop revealed a quantity of marihuana, the defendant was charged in a felony complaint with criminal possession of marihuana in the first degree. He pleaded guilty to criminal possession of marihuana in the second degree, and was sentenced, inter alia, to two days in jail and a five-year period of probation. Removal proceedings were subsequently commenced against him, and an order of deportation was issued. Shortly thereafter, the defendant moved pursuant to CPL 440.10 to vacate his conviction, claiming that his counsel had been ineffective because he provided misinformation about the deportation consequences of the defendant's plea of guilty. The Supreme Court denied the motion without a hearing, concluding that the defendant's claim of having been misadvised was contradicted by the record and uncorroborated, and that there was no reasonable possibility that his allegations were true (*see* CPL 440.30 [5]). Alternatively, the Supreme Court concluded that the defendant was not prejudiced by his counsel's error.

Under the federal standard for asserting a claim of ineffective assistance of counsel, a defendant "must show that counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the defense" (*Strickland v Washington*, 466 US 668, 687-688 [1984]). Although *Padilla v Kentucky* (559 US 356 [2010]) is inapplicable to this case because the defendant's conviction became final before *Padilla* was decided (*see Chaidez v United States*, 568 US —, 133 S Ct 1103 [2013]; *People v Baret*, 23 NY3d 777, 782 [2014]), even prior to *Padilla*, the Court of Appeals had held that "inaccurate advice about a guilty plea's immigration consequences" fell below an objective standard of

reasonableness, so as to satisfy the first prong of the standard set forth in *Strickland* (*People v Baret*, 23 NY3d at 785; *see People v McDonald*, 1 NY3d 109, 111 [2003]; *People v Pinto*, 133 AD3d 787, 791 [2015]).

Here, the defendant alleged in an affidavit that his attorney advised him that there would be no immigration consequences to his plea of guilty if he was sentenced to not more than one year in jail, and that immigration authorities would not seek him out in Massachusetts, where he resided, since his case was in New York. Contrary to the Supreme Court's conclusion, such specific advisements from his own attorney made with regard to the defendant's particular circumstances cannot be said to be contradicted by a general admonishment from the prosecutor at the plea allocution, without any regard to the defendant's particular circumstances, that a plea of guilty may result in deportation (*compare People v Pinto*, 133 AD3d at 789-792; *People v Rampersaud*, 121 AD3d 721 [2014]). Moreover, although the defendant's claim of misadvice was based solely on his own sworn allegations, the defendant explained his failure to submit an affirmation from his former attorney and it is unlikely, as the People suggest, that there were witnesses to counsel's provision of confidential advice or any documents created reflecting the content of that advice (*see People v Pinto*, 133 AD3d at 790). In any event, it cannot be said that there was no reasonable possibility that the defendant's allegations, which included details as to specific advice given to him by his attorney, were true (*see* CPL 440.30 [5]).

In addition to demonstrating that defense counsel's performance was deficient, the defendant had to show, in order to satisfy the second prong of the *Strickland* standard, that there was " 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial' " (*People v McDonald*, 1 NY3d at 114, quoting *Hill v Lockhart*, 474 US 52, 59 [1985]; *see People v Hernandez*, 22 NY3d 972, 976 [2013]). "In light of the primary importance that aliens may place upon avoiding exile from this country," in assessing prejudice under the second prong of the *Strickland* test, the court must weigh not only the strength of the People's evidence and the potential sentence a defendant faces if convicted after trial, but also, "the particular circumstances informing the defendant's desire to remain in the United States" (*People v Picca*, 97 AD3d 170, 183-184 [2012]).

Here, the defendant averred that he had been a lawful permanent resident for 24 years, that he had a seven-year-old son, that his parents and four siblings all lived in the United

States, and that he was employed at the same job for 10 years. Further, if sentenced as a first felony drug offender, as he was in connection with his plea of guilty, the defendant's sentencing exposure was a maximum of 5½ years of imprisonment (*see* Penal Law § 70.70 [2] [a] [ii]). In light of these circumstances, there is a question of fact as to whether it is reasonably probable that the defendant would not have pleaded guilty had he been correctly advised as to the deportation consequences of the plea (*see People v Picca*, 97 AD3d at 183-184; *People v McKenzie*, 4 AD3d 437, 439-440 [2004]).

Accordingly, we reverse the order and remit the matter to the Supreme Court, Westchester County, for a hearing and a new determination thereafter of the defendant's motion. Dillon, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.