People v Hungria (2018 NY Slip Op 03545)





People v Hungria


2018 NY Slip Op 03545


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-06445

[*1]The People of the State of New York, respondent,
v
Javier C. Hungria, appellant. (S.C.I. No. 923/14)


Gary Schoer, Syosset, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and Monica M. C. Leiter of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Nassau County (Robert G. Bogle, J.), entered May 17, 2017, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the County Court, Nassau County (Erica L. Prager, J.), rendered September 22, 2014, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.
ORDERED that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and a new determination thereafter of the defendant's motion.
The defendant is a lawful permanent resident of the United States who emigrated from the Dominican Republic in 1996. In 2014, he was arrested and charged by superior court information with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree. The defendant rejected the People's offer for him to plead guilty to a D felony, a lesser charge than the top counts of the superior court information, in exchange for a sentence of 60 days of imprisonment and 5 years of probation. Thereafter, the defendant and the People accepted a plea bargain proposed by the County Court, that the defendant plead guilty to all of the charges in exchange for a sentence of 30 days of imprisonment and 5 years of probation.
Thereafter, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground of ineffective assistance of counsel. He argued, inter alia, that his counsel failed to advise him or recognize that he pleaded guilty to aggravated felonies, thereby subjecting him to mandatory deportation, and that the People's offer would not have necessarily subjected him to mandatory deportation. The People opposed the motion, contending that its plea offer entailed the defendant pleading guilty to criminal sale of a controlled substance in the fifth degree, which was also an aggravated felony, so that, in any event, the defendant would have been subjected to [*2]mandatory deportation if he had accepted its plea offer, and that the defendant was never offered a plea to a non-aggravated felony. The People also submitted an affirmation from defense counsel, in which counsel stated that the People's plea offer involved the defendant pleading guilty to criminal sale of a controlled substance in the fifth degree. However, counsel acknowledged that she did not request a plea to a non-aggravated felony or discuss with the defendant that there was a difference for immigration purposes between pleading guilty to an aggravated felony as opposed to a non-aggravated felony. The Supreme Court denied the defendant's motion without a hearing.
A defendant has the right to the effective assistance of counsel before deciding whether to plead guilty (see US Const Amend VI; NY Const, art I, § 6; Padilla v Kentucky, 559 US 356, 364). "Under the federal standard for ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (People v Bodden, 82 AD3d 781, 783, quoting Strickland v Washington, 466 US 668, 694; see People v Alexander, 159 AD3d 1019, 1020). "Under the state standard . . . the constitutional requirements for the effective assistance of counsel are met when the defense attorney provides meaningful representation'" (People v Bodden, 82 AD3d at 783, quoting People v Stultz, 2 NY3d 277, 279; see People v Baldi, 54 NY2d 137, 147). In cases asserting ineffective assistance of counsel in the plea context, a defendant must show that "there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial" (Hill v Lockhart, 474 US 52, 59; see People v Hernandez, 22 NY3d 972, 975-976; People v McDonald, 1 NY3d 109, 115), or "that the outcome of the proceedings would have been different" (People v Parson, 27 NY3d 1107, 1108).
Here, the defendant sufficiently alleged that defense counsel failed to fully inform him that a plea of guilty exposed him to mandatory removal from the United States and that, had he been so advised, a decision to reject the plea offer would have been rational (see People v Loaiza, 158 AD3d 775; People v Abdallah, 153 AD3d 1424; People v Roberts, 143 AD3d 843, 846). Thus, the Supreme Court erred in failing to conduct a hearing on the defendant's motion (see People v Roberts, 143 AD3d at 845-846; People v Pinto, 133 AD3d 787; People v Martial, 125 AD3d 689; People v Picca, 97 AD3d 170, 187).
Accordingly, we reverse the order and remit the matter to the Supreme Court, Nassau County, for a hearing and a new determination thereafter of the defendant's motion.
BALKIN, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court