People v Malik (2018 NY Slip Op 07452)





People v Malik


2018 NY Slip Op 07452


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-09333

[*1]The People of the State of New York, respondent,
v
Aftab A. Malik, appellant. (S.C.I. No. 1065/07)


Labe M. Richman, New York, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, Jonathan K. Yi, and Deborah E. Wassel of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Dorothy K. Chin-Brandt, J.), dated July 12, 2016, which, without a hearing, denied his motion pursuant to CPL article 440 to vacate a judgment of the same court rendered October 25, 2007, convicting him of reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was pursuant to CPL 440.10(1)(h) to vacate the judgment rendered October 25, 2007, on the ground that he was deprived of the effective assistance of counsel by his counsel's allegedly erroneous advice regarding the immigration consequences of his plea; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Queens County, for a hearing and a new determination, on the merits, of that branch of the defendant's motion.
The defendant moved to the United States from Pakistan in 2003 as a lawful permanent resident. On or about January 10, 2007, the defendant was charged by felony complaint with assault in the first degree, assault in the second degree, attempted assault in the third degree, and criminal possession of a weapon in the fourth degree, arising from an incident where the defendant allegedly sliced the complainant's head with a box cutter, causing a significant laceration that required 20 staples to close. Three months later, the defendant waived indictment and pleaded guilty to reckless endangerment in the first degree, with the understanding that, upon the successful completion of a program, a sentence of five years of probation would be imposed. He completed the program, he was sentenced in accordance with the promised plea, he never appealed his judgment of conviction to this Court, and his time to do so has expired.
On or about October 26, 2015, the defendant moved to vacate the judgment of conviction pursuant to CPL 440.10(1)(h) on the ground, inter alia, that he had been deprived of the effective assistance of counsel during his plea by his counsel's incorrect statement to the defendant that he would not be subject to deportation as a consequence of his plea. The Supreme Court denied the motion, without conducting a hearing, and concluded, inter alia, that the defendant's moving [*2]papers lacked sworn allegations that substantiated or tended to substantiate all the essential facts and that the defendant failed to meet his burden of coming forward with allegations sufficient to create an issue of fact with respect to his counsel's performance. Alternatively, the court concluded that the defendant had not established that he was prejudiced by his counsel's error. A Justice of this Court granted the defendant leave to appeal.
Under the federal standard for asserting a claim of ineffective assistance of counsel, a defendant "must show that counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the defense" (Strickland v Washington, 466 US 668, 687-688). Although Padilla v Kentucky (559 US 356) is inapplicable to this case because the defendant's conviction became final before Padilla was decided (see Chaidez v United States, 568 US 342; People v Baret, 23 NY3d 777, 782), even prior to Padilla, the Court of Appeals had held that "inaccurate advice about a guilty plea's immigration consequences" fell below an objective standard of reasonableness, so as to satisfy the first prong of the standard set forth in Strickland (People v Baret, 23 NY3d at 785; see People v McDonald, 1 NY3d 109, 111; People v Roberts, 143 AD3d 843, 844-845; People v Pinto, 133 AD3d 787, 791).
Here, the defendant alleged that his counsel incorrectly advised him that he would not be subject to deportation as a consequence of his plea of guilty to reckless endangerment in the first degree. The defendant affirmed that he was initially offered a plea agreement that included a period of incarceration and carried the risk of deportation and, in consultation with his counsel, the defendant rejected that plea offer because of the deportation risks. It was only after a second plea offer was made, for a length of probation conditioned upon the successful completion of a program, along with the representation that such a plea would not result in the defendant's deportation, that the defendant chose to plead guilty. The defendant's counsel does not dispute these facts, having affirmed that he had no independent recollection of the defendant other than his name, no recollection of the facts of the case, and no notes or files from which to refresh his recollection. While defense counsel did affirm that it was his practice, in the years following September 11, 2001, to tell his clients to speak to an immigration attorney prior to taking a plea, the defendant rebutted that claim by stating flatly that he was not told to seek an immigration attorney and he would have done so, if advised, given his express desire to remain in the United States and avoid removal to Pakistan. Based upon these facts, it cannot be said that there was "no reasonable possibility" that the defendant's allegations, including the details as to the specific representations made by his counsel, were true (CPL 440.30[4][d]).
In addition to demonstrating that defense counsel's performance was deficient, a defendant making a federal constitutional claim must also show, in order to satisfy the second prong of the Strickland standard, that there was " a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial'" (People v McDonald, 1 NY3d at 114, quoting Hill v Lockhart, 474 US 52, 59; see People v Hernandez, 22 NY3d 972, 976; People v Roberts, 143 AD3d at 845; People v Pinto, 133 AD3d at 792).
Here, the defendant's affidavit raised sufficient questions of fact as to whether it was reasonably probable that he would not have pleaded guilty had he been correctly advised as to the deportation consequences of the plea, given the fact that the defendant had already once rejected a plea offer that was objectively favorable to him, in favor of going to trial, because of the risk of deportation, and based upon his specific affirmation that, had he known the risk of deportation, he would not have pleaded guilty (see People v Hungria, 161 AD3d 1007; People v Roberts, 143 AD3d at 846; People v Pinto, 133 AD3d at 792; cf. People v McDonald, 1 NY3d at 115). Therefore, the defendant was entitled to a hearing on that branch of his motion (see CPL 440.30[5])
We agree with the Supreme Court's denial of those branches of the defendant's motion which were to vacate the judgment on the ground that, inter alia, the Supreme Court erred in failing to properly apprise the defendant of the risk of deportation in connection with his plea, as the facts relevant to that inquiry appeared on the record and were sufficient to permit an adequate review of the claim on direct appeal (see CPL 440.10[2][c]).
Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing and a new determination, on the merits, of that branch of the defendant's motion which was pursuant to CPL 440.10(1)(h) to vacate the judgment on the ground that he was deprived of the effective assistance of counsel by his counsel's allegedly erroneous advice regarding the immigration consequences of his plea.
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court