People v Samaroo (2022 NY Slip Op 03128)

People v Samaroo

2022 NY Slip Op 03128

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.

2019-08798
 (Ind. No. 10452/14)

[*1]The People of the State of New York, respondent,
v
Rajendra N. Samaroo, appellant.

Mark Diamond, New York, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Roni C. Piplani of counsel; Joseph M. DiPietro on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Barry Kron, J.), dated June 27, 2019, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered November 12, 2015, convicting him of criminal sale of marihuana in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was pursuant to CPL 440.10(1)(h) to vacate the judgment rendered November 12, 2015, on the ground that he was deprived of the effective assistance of counsel by his counsel's allegedly erroneous advice regarding the immigration consequences of his plea of guilty; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Queens County, for a hearing in accordance herewith and a new determination thereafter of that branch of the defendant's motion.
In May 2015, the defendant, a citizen of Guyana and lawful permanent resident of the United States, pleaded guilty to criminal sale of a controlled substance in the fifth degree, which is a felony, and criminal sale of marihuana in the fourth degree, which is a misdemeanor. At sentencing, the defendant's conviction of criminal sale of a controlled substance in the fifth degree was vacated and the defendant received a conditional discharge on the misdemeanor conviction as a result of the defendant having completed a treatment program which was part of his plea agreement. In 2016, the United States Department of Homeland Security initiated a removal proceeding against the defendant on grounds, inter alia, that the defendant had been convicted in 2013 of unlawful possession of marihuana and that he had been convicted of criminal sale of marihuana in the fourth degree under the subject indictment.
Thereafter, the defendant moved pursuant to CPL 440.10(1)(h) to vacate the subject judgment of conviction, contending that the Supreme Court failed to advise him that the plea of guilty may result in deportation, and that he was deprived of the effective assistance of counsel by his attorney's alleged failure to advise him of the immigration consequences of his plea. In an order dated June 27, 2019, the court denied the motion without conducting a hearing. The defendant appeals.
A defendant has the right to the effective assistance of counsel, guaranteed under both the Federal and State Constitutions (see US Const Amend VI; NY Const, art I, § 6; People v Baldi, 54 NY2d 137, 146). A defendant is entitled to such effective assistance of counsel before deciding whether to plead guilty (see Padilla v Kentucky, 559 US 356, 364; People v Facey, 180 AD3d 927, 928). To prevail on a claim of ineffective assistance of counsel under the Federal Constitution, "the defendant must show that counsel's representation fell below an objective standard of reasonableness" (Strickland v Washington, 466 US 668, 688), and "that the deficient performance prejudiced the defense" (id. at 687).
In Padilla v Kentucky (559 US 356), the United States Supreme Court held that, due to the unique nature of deportation, criminal defense counsel has a duty to inform defendants whether their pleas of guilty carry a risk of deportation. Thus, "[w]ith regard to the first prong, in the context of a plea of guilty, an attorney's failure to advise a criminal defendant, or affirmative misadvice to the defendant, regarding the clear removal consequences of the plea constitutes deficient performance" (People v Lovell, 188 AD3d 1255, 1256-1257; see Padilla v Kentucky, 559 US at 369; People v Abdallah, 153 AD3d 1424, 1425; People v Picca, 97 AD3d 170, 178). In such cases, relief will depend upon whether the defendant can demonstrate prejudice as a result thereof (see Padilla v Kentucky, 559 US at 374).
Under the New York Constitution, a defendant must show that he or she was not afforded "meaningful representation" (People v Baldi, 54 NY2d at 147), which also entails a two-pronged test. The first prong is identical to its federal counterpart (see People v Galan, 116 AD3d 787, 789). The second prong contains a "prejudice component [which] focuses on the 'fairness of the process as a whole rather than its particular impact on the outcome of the case'" (People v Caban, 5 NY3d 143, 156, quoting People v Benevento, 91 NY2d 708, 714).
"In light of the primary importance that [noncitizens] may place upon avoiding exile from this country, an evaluation of whether an individual in the defendant's position could rationally reject a plea offer and proceed to trial must take into account the particular circumstances informing the defendant's desire to remain in the United States. Those particular circumstances must then be weighed along with other relevant factors, such as the strength of the People's evidence, the potential sentence, and the effect of prior convictions" (People v Picca, 97 AD3d at 183-184).
Here, in his affidavit submitted in support of his motion, the defendant averred that his attorney misadvised him off the record of the removal consequences of his plea of guilty, an allegation that is not contradicted by the record of the plea proceeding. Moreover, neither the fact that the defendant had previously been convicted of an offense that may subject him to removal, nor the seemingly strong evidence against him with respect to the instant offense, nor the favorable plea bargain he received, necessarily requires a finding that the defendant was not prejudiced by his counsel's alleged misadvice (see id. at 183). The defendant's averments, including that he has resided in the United States since he was 10 years old, that he is married to his spouse with whom he has two minor children, that his spouse is unable to work due to a medical condition, that he is gainfully employed, and that he is the sole source of financial support to his family, sufficiently alleged that a decision to reject the plea offer would have been rational (see People v Bernard, 195 AD3d 740, 742; People v Roberts, 143 AD3d 843, 845-846; People v Picca, 97 AD3d at 184-185). Therefore, the defendant was entitled to a hearing on that branch of his motion which was to vacate the judgment of conviction on the ground that he was deprived of the effective assistance of counsel by his counsel's allegedly erroneous advice regarding the immigration consequences of his plea (see CPL 440.30[5]; People v Malik, 166 AD3d 650, 653).
The Supreme Court properly denied, without a hearing, that branch of the defendant's motion which was to vacate the judgment of conviction on the ground that the court erred in failing to apprise the defendant of the risk of deportation in connection with his plea. The facts relevant to that claim appear on the face of the record of the plea proceeding and were therefore subject to review on direct appeal, and the defendant failed to establish that his failure to take an appeal from the judgment was justifiable (see CPL 440.10[2][c]; People v Terrero, 198 AD3d 930, 931; People v Malik, 166 AD3d at 653; People v Zhagnay, 142 AD3d 1029, 1030).
Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing and a new determination thereafter of that branch of the defendant's motion which was pursuant to CPL 440.10(1)(h) to vacate the judgment of conviction on the ground that he was deprived of the effective assistance of counsel by his counsel's allegedly erroneous advice regarding the immigration consequences of his plea.
BARROS, J.P., RIVERA, CHAMBERS and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court