People v Alexander (2022 NY Slip Op 05215)

People v Alexander

2022 NY Slip Op 05215

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-11946
 (Ind. No. 2414/07)

[*1]The People of the State of New York, respondent,
v
Ian Alexander, appellant.

Patricia Pazner, New York, NY (Jonathan Schoepp-Wong and Tammy E. Linn of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Terrence F. Heller of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from so much of an order of the Supreme Court, Kings County (Matthew J. D'Emic, J.), dated August 5, 2019, as denied, without a hearing, that branch of his motion which was pursuant to CPL 440.10 to vacate, on the ground of ineffective assistance of counsel, a judgment of the same court rendered December 19, 2007, convicting him of criminal possession of a weapon in the fourth degree and assault in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the order is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith and a new determination thereafter of that branch of the defendant's motion which was pursuant to CPL 440.10 to vacate, on the ground of ineffective assistance of counsel, the judgment.
On October 11, 2007, the defendant, a native of Saint Lucia who moved to the United States in 1998 at the age of 16, appeared before the Supreme Court to enter a plea of guilty to criminal possession of a weapon in the fourth degree and assault in the third degree in exchange for a definite term of imprisonment of one year on each conviction, to run consecutively to each other, for an aggregate term of imprisonment of two years, in full satisfaction of a 17-count indictment. On December 19, 2007, the court imposed the bargained-for term of imprisonment.
On March 27, 2019, the defendant moved, inter alia, pursuant to CPL 440.10(1)(h) to vacate his conviction on the ground that he received the ineffective assistance of counsel because his attorney gave him incorrect advice regarding the immigration consequences of entering a plea of guilty and did not attempt to negotiate a plea with less severe immigration consequences. Pursuant to federal immigration law, the defendant's conviction of assault in the third degree and his sentence of a term of imprisonment of one year constitutes an "aggravated felony" (8 USC § 1101[a][43][F]), rendering him mandatorily deportable (see id. § 1227[a][2][A][iii]). In support of the motion, the defendant submitted a copy of a final administrative removal order dated June 25, 2008, which, among other things, found that the defendant had a final conviction for an aggravated felony as defined by 8 USC § 1101(a)(43)(F) and was ineligible for any discretionary relief from removal, and ordered his removal from the United States. The defendant affirmed, under penalty of perjury, that his counsel told him that his plea of guilty "would not have an effect on [his] [*2]immigration status because the charges were misdemeanors." The defendant further stated that he would not have entered a plea of guilty if he had been aware of the immigration consequences of the plea.
In opposition to the defendant's motion, the People submitted a transcript of an appearance in the Supreme Court on September 7, 2007, at which the defendant's counsel stated, among other things, that the defendant was "subject to deportation," that there was a current plea offer of two years' imprisonment on one count of attempted criminal possession of a weapon, and that if the defendant were to serve two consecutive one-year terms of imprisonment instead of a two-year term of imprisonment, then he could be more easily "expedited into the federal system to try the circumstances around determining his deportation status."
In an order dated August 5, 2019, the Supreme Court, inter alia, denied, without a hearing, that branch of the defendant's motion which was to vacate the judgment of conviction on the ground that he received the ineffective assistance of counsel. In an order dated July 31, 2020, this Court granted the defendant permission to appeal from the order.
CPL 440.30(4)(d) authorizes the motion court to deny a motion to vacate a judgment without conducting a hearing if "[a]n allegation of fact essential to support the motion (i) is contradicted by a court record . . . or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true."
To prevail on a claim of ineffective assistance of counsel under the Federal Constitution, "the defendant must show that counsel's representation fell below an objective standard of reasonableness" (Strickland v Washington, 466 US 668, 688), and "that the deficient performance prejudiced the defense" (id. at 687). In the plea context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial, or that the outcome of the proceedings would have been different" (People v Parson, 27 NY3d 1107, 1108 [internal quotation marks omitted]; see Hill v Lockhart, 474 US 52, 59).
Under the New York Constitution, a defendant must show that he or she was not afforded "meaningful representation" (People v Baldi, 54 NY2d 137, 147), which also entails a two-pronged test. The first prong is identical to its federal counterpart (see People v Galan, 116 AD3d 787, 789). The second prong contains a "prejudice component [which] focuses on the 'fairness of the process as a whole rather than its particular impact on the outcome of the case'" (People v Caban, 5 NY3d 143, 156, quoting People v Benevento, 91 NY2d 708, 714).
Counsel may be found constitutionally ineffective for affirmatively misrepresenting to a defendant the immigration consequences of a plea (see People v McDonald, 1 NY3d 109, 111; People v Roberts, 143 AD3d 843, 844-845). Here, the defendant's contention that his counsel misadvised him as to the immigration consequences of his plea of guilty is not contradicted by the record, and is arguably supported by the representations made by counsel on the record at the September 7, 2007 appearance, which suggest that counsel did not realize that the defenses to deportation which the defendant might have raised in immigration court would be barred by his plea. In any event, the record does not support a conclusion that there is "no reasonable possibility" that the defendant's allegations are true (CPL 440.30[4][d]; see People v Roberts, 143 AD3d at 845). Furthermore, the defendant's averments, including that he has resided in the United States since he was 16 years old, and that he had a child when he entered his plea of guilty, sufficiently demonstrate the existence of a question of fact as to whether it was reasonably probable that the defendant would not have entered a plea of guilty if he had been correctly advised of the deportation consequences of the plea (see People v Samaroo, 205 AD3d 822; People v Roberts, 143 AD3d at 845). Therefore, the defendant was entitled to a hearing on that branch of his motion which was to vacate the judgment of conviction on the ground that he was deprived of the effective assistance of counsel by his counsel's allegedly erroneous advice regarding the immigration consequences of the defendant's plea (see CPL 440.30[5]; People v Samaroo, 205 AD3d 822; People v Roberts, 143 AD3d at 845).
Moreover, the defendant was entitled to a hearing on his contention that he was denied the effective assistance of counsel based upon his counsel's failure to attempt to negotiate a more favorable plea. The defendant's allegation that the People offered another plea which would not have constituted an aggravated felony under federal immigration law demonstrated "a reasonable possibility that his plea counsel could have secured a plea deal with less severe immigration consequences" (People v George, 183 AD3d 436, 438; see People v Guzman, 150 AD3d 1259, 1259-1260).
Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing and a new determination thereafter of that branch of the defendant's motion which was pursuant to CPL 440.10(1)(h) to vacate the judgment of conviction on the ground that he was deprived of the effective assistance of counsel.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court