People v Hernandez (2025 NY Slip Op 05820)

People v Hernandez

2025 NY Slip Op 05820

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LOURDES M. VENTURA, JJ.

2022-06093
 (Ind. No. 193/19)

[*1]The People of the State of New York, respondent,
v
Emerson Hernandez, appellant. Stephen N. Preziosi, New York, NY, for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Jamie H. Greenwood of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Fernando Camacho, J.), rendered September 21, 2020, convicting him of conspiracy in the second degree and conspiracy in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant entered a plea of guilty to conspiracy in the second degree and conspiracy in the fourth degree (Penal Law §§ 105.10, 105.15), in exchange for a promised sentence of concurrent indeterminate terms of imprisonment of one to three years. Prior to sentencing, the defendant moved pursuant to CPL 220.60(3) to withdraw his plea of guilty. The County Court denied the defendant's motion without a hearing and imposed sentence in accordance with the terms of the plea agreement. The defendant appeals.
"A motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally will not be disturbed absent an improvident exercise of discretion" (People v Meyn, 193 AD3d 1080, 1081; see CPL 220.60[3]). "In general, 'such a motion must be premised upon some evidence of possible innocence or . . . fraud, mistake, coercion or involuntariness in the taking of the plea'" (People v Hollmond, 191 AD3d 120, 136, quoting People v De Jesus, 199 AD2d 529, 530).
Contrary to the defendant's contention, the County Court did not improvidently exercise its discretion in denying his motion to withdraw his plea of guilty on the ground that the defendant received ineffective assistance of counsel under the United States Constitution. "To prevail on a claim of ineffective assistance of counsel under the Federal Constitution, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness'" and "'that the deficient performance prejudiced the defense'" (People v Alexander, 208 AD3d 1247, 1248, quoting Strickland v Washington, 466 US 668, 687-688). "In the plea context, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial, or that the outcome of the proceedings would have been different'" (People v Alexander, 208 AD3d at 1248-1249, quoting People v Parson, 27 NY3d 1107, 1108 [internal quotation marks omitted]).
Here, the defendant contends that his attorney failed to advise him about the immigration consequences of his plea. However, the record demonstrates that the defendant was properly advised of these consequences by both defense counsel and the County Court. Moreover, the record undisputedly demonstrates that the defendant was aware of those possible immigration consequences before he entered his plea, and he cannot show prejudice resulting from his attorney's alleged failure to provide that advice himself (see People v Rodriguez, 150 AD3d 1029, 1031). In other words, there is no reasonable probability that the defendant would not have entered a plea of guilty but for counsel's alleged deficiency (see id.). Accordingly, the court properly denied the defendant's motion to withdraw his plea of guilty.
GENOVESI, J.P., CHRISTOPHER, WAN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court