People v L.F.

2026 NY Slip Op 03186

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

L.F., appellant. (S.C.I. No. 71921/21)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2025-07971

Angela G. Iannacci, J.P.

Linda Christopher

Helen Voutsinas

Phillip Hom, JJ.

Laurette D. Mulry, Riverhead, NY (April J. Winecke of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Alfred Croce of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant, by permission, from an order of the Supreme Court, Suffolk County (Richard Ambro, J.), dated June 11, 2025, which denied, without a hearing, her motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered November 22, 2021, convicting her of conspiracy in the fourth degree, upon her plea of guilty, and imposing sentence.

ORDERED that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith and a new determination thereafter of the defendant's motion pursuant to CPL 440.10 to vacate the judgment.

The defendant, a citizen of China who allegedly came to the United States in August 2015, was convicted, upon her plea of guilty, of conspiracy in the fourth degree in connection with the operation of a prostitution business at certain massage parlors in Suffolk County between December 2017 and November 2020.

Subsequently, the defendant moved pursuant to CPL 440.10 to vacate the judgment on the grounds that she was a victim of sex and labor trafficking pursuant to Penal Law §§ 135.35 and 230.34, and that she was deprived of the effective assistance of counsel by her counsel's alleged failure to adequately advise her of the immigration consequences of pleading guilty to an aggravated felony, subjecting her to mandatory deportation. In an order dated June 11, 2025, the Supreme Court denied the motion without conducting a hearing. A Justice of this Court granted the defendant leave to appeal.

CPL 440.10(1)(i) provides that a court may vacate a judgment "where the defendant's participation in the offense was a result of having been a victim of sex trafficking under section 230.34 of the penal law . . . labor trafficking under section 135.35 of the penal law, . . . or trafficking in persons under the Trafficking Victims Protection Act (United States Code, title 22, chapter 78)." Although not required for the granting of a motion, "official documentation of the defendant's status as a victim of sex trafficking, labor trafficking, aggravated labor trafficking, compelling prostitution, or trafficking in persons at the time of the offense from a federal, state or local government agency shall create a presumption that the defendant's participation in the offense was a result of having been a victim of sex trafficking, labor trafficking, aggravated labor trafficking, compelling [*2]prostitution or trafficking in persons" (CPL 440.10[1][i][i]).

The Trafficking Victims Protection Act defines a "victim of trafficking" as a person who, among other things, is subjected to "the recruitment, harboring, transportation, provision, obtaining, patronizing, or soliciting of a person for the purpose of a commercial sex act" (22 USC § 7102[12], [17]). It defines a "victim of a severe form of trafficking" as a person who, inter alia, is subjected to "sex trafficking in which a commercial sex act is induced by force, fraud, or coercion" (id. § 7102[11][A], [16]).

Although New York law does not define who constitutes a victim of sex trafficking, a person is guilty of sex trafficking pursuant to Penal Law § 230.34 by, among other things, "making material false statements, misstatements, or omissions to induce or maintain the person being patronized to engage in or continue to engage in prostitution activity," or by "using force or engaging in any scheme, plan or pattern to compel or induce the person being patronized to engage in or continue to engage in prostitution activity by means of instilling a fear in the person being patronized that, if the demand is not complied with, the actor or another will . . . perform any . . . act which would not in itself materially benefit the actor but which is calculated to harm the person who is patronized materially with respect to his or her health, safety, or immigration status" (id. § 230.34[2], [5][h]; see id. § 230.34[5]). Similarly, a person is guilty of labor trafficking pursuant to Penal Law § 135.35 if, inter alia, "he or she compels or induces another to engage in labor or recruits, entices, harbors, or transports such other person by means of intentionally . . . using force or engaging in any scheme, plan or pattern to compel or induce such person to engage in or continue to engage in labor activity by means of instilling a fear in such person that, if the demand is not complied with, the actor or another will . . . accuse some person of a crime or cause criminal charges or deportation proceedings to be instituted against such person" (id. § 135.35[3][d]).

Here, in an affidavit submitted in support of her motion, the defendant averred, among other things, that the underlying offense occurred within two to five years of her emigration to the United States, that she was initially hired to provide massages that did not require her to perform sex acts, and that after approximately two months, her boss moved her to another location and instructed her to perform sex acts on clients. The defendant further averred that she twice attempted to leave, but that each time her boss threatened to report the defendant's activities to either her husband or the authorities. Moreover, in addition to her affidavit, the defendant submitted a letter from the Office of Temporary and Disability Assistance dated November 4, 2022, which stated that the defendant "me[t] the criteria for confirmation as a human trafficking victim in New York State." Under these circumstances, the defendant's allegations were sufficient to raise an issue of fact as to whether her participation in the offense underlying her conviction was the result of having been a victim of sex trafficking. Therefore, the Supreme Court should not have denied that branch of the defendant's motion which was pursuant to CPL 440.10(1)(i) to vacate the judgment without a hearing.

A defendant has the right to the effective assistance of counsel, guaranteed under both the Federal and State Constitutions (see US Const Amend VI; NY Const, art I, § 6; People v Baldi, 54 NY2d 137, 146). To prevail on a claim of ineffective assistance of counsel under the Federal Constitution, "the defendant must show that counsel's representation fell below an objective standard of reasonableness," and "that the deficient performance prejudiced the defense" (Strickland v Washington, 466 US 668, 687, 688). Under the New York Constitution, a defendant must show that he or she was not afforded "meaningful representation," which also entails a two-pronged test (People v Alexander, 208 AD3d 1247, 1249 [internal quotation marks omitted]; see People v Baldi, 54 NY2d at 147). The first prong is identical to its federal counterpart, but the second prong is based on the fairness of the process as a whole rather than the impact of counsel's errors on the outcome of the case (see People v Jackson, 244 AD3d 1242, 1242; People v Banyai, 230 AD3d 701, 702). In the plea context, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial, or that the outcome of the proceedings would have been different (see People v Madison, ___ AD3d ___, ___, 2026 NY Slip Op 02132, *1; People v Alexander, 208 AD3d at 1249).

In light of the primary importance that noncitizens may place upon avoiding exile from this country, an evaluation of whether an individual in the defendant's position could rationally reject a plea offer and proceed to trial must take into account the particular circumstances informing the defendant's desire to remain in the United States (see People v Samaroo, 205 AD3d 822, 824; People v Saunders, 193 AD3d 766, 769). Those particular circumstances must then be weighed along with other relevant factors, such as the strength of the People's evidence, the potential sentence, and the effect of prior convictions (see People v Samaroo, 205 AD3d at 824; People v Picca, 97 AD3d 170, 184).

Here, the defendant sufficiently alleged that her counsel failed to fully inform her that a plea of guilty to the instant offense exposed her to mandatory removal from the United States (see Padilla v Kentucky, 559 US 356, 369; People v Hungria, 161 AD3d 1007, 1009; People v Loaiza, 158 AD3d 775, 776). Moreover, neither the strength of evidence against the defendant with respect to the offense nor the favorable plea bargain she received necessarily requires a finding that the defendant was not prejudiced by her counsel's alleged misadvice (see People v Samaroo, 205 AD3d at 825; People v Picca, 97 AD3d at 183). The defendant's averments, including that she feared for her safety if she returned to China, sufficiently alleged that a decision to reject the plea offer would have been rational (see People v Hernandez, 222 AD3d 996, 997; People v Alexander, 208 AD3d at 1249; People v Samaroo, 205 AD3d at 825). Therefore, the defendant was also entitled to a hearing on that branch of her motion which was pursuant to CPL 440.10 to vacate the judgment on the ground that she was deprived of the effective assistance of counsel by her counsel's allegedly erroneous advice regarding the immigration consequences of her plea (see CPL 440.30[5]).

Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a hearing and a new determination thereafter of the defendant's motion pursuant to CPL 440.10 to vacate the judgment.

IANNACCI, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court