██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARRAN RAMPERSAUD, Appellant. [993 NYS2d 364]—

Appeals by the defendant (1) from a judgment of the County Court, Westchester County (Capeci, J., at plea; Colangelo, J., at sentence), rendered May 27, 2010, convicting him of insurance fraud in the third degree and grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence, and (2), by permission, from an order of the same court (Colangelo, J.), dated May 20, 2011, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment rendered May 27, 2010.

Ordered that the judgment and the order are affirmed.

The defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review (*see People v Toxey*, 86 NY2d 725, 726 [1995]; *People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Pellegrino*, 60 NY2d 636, 637 [1983]; *People v Barrett*, 105 AD3d 862, 863 [2013]). Moreover, the exception to the preservation requirement does not apply in this case, because the defendant's allocution did not clearly cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (*see People v Lopez*, 71 NY2d at 666; *People v Barrett*, 105 AD3d at 863). In any event, the plea allocution was sufficient inasmuch as it showed that the defendant understood the charges and made an intelligent decision to accept the plea (*see People v Goldstein*, 12 NY3d 295, 301 [2009]; *People v Seeber*, 4 NY3d 780, 781-782 [2005]).

The defendant moved pursuant to CPL 440.10 to vacate his judgment of conviction on the ground that he was deprived of the effective assistance of counsel, alleging, among other things, that his attorney failed to advise him of the immigration consequences of his plea as required by *Padilla v Kentucky* (559 US 356 [2010]). The County Court summarily denied the defendant's motion. By decision and order on application dated February 2, 2012, a Justice of this Court granted leave to appeal.

Contrary to the defendant's contention, the County Court properly denied his motion without an evidentiary hearing. Under the particular circumstances of this case, the defendant failed to establish, sufficiently to warrant an evidentiary hearing, that his attorney's allegedly deficient advice had the requisite impact on his defense under either the federal or state standards. The defendant was advised by the Assistant District Attorney at the plea proceeding that he might be deported as a result of his plea of guilty. He acknowledged his awareness of that possibility, but nonetheless entered that guilty plea. Thus, even if defense counsel failed to advise him of the possible immigration consequences of pleading guilty, the defendant was indisputably aware of those possible consequences before he entered his plea. Accordingly, the defendant cannot show prejudice resulting from his attorney's alleged failure to provide that advice himself (*see People v Galan*, 116 AD3d 787, 789-790 [2014]; *People v Bassi*, 111 AD3d 845 [2013]). In any event, the defendant further failed to demonstrate that an incentive to remain in the United States would have made it rational to reject a favorable plea offer considering the strength of the People's case (*see Padilla v Kentucky*, 559 US at 372; *cf. People v*

*Picca*, 97 AD3d 170, 180-185 [2012]; *People v McKenzie*, 4 AD3d 437, 439-440 [2004]). Furthermore, the record provides no basis to conclude that defense counsel's single alleged deficiency constituted "egregious and prejudicial error" such that it deprived him of meaningful representation (*People v Caban*, 5 NY3d 143, 152 [2005]; *see People v Benevento*, 91 NY2d 708, 713 [1998]).

The defendant's remaining contentions are without merit. Balkin, J.P., Leventhal, Maltese and Barros, JJ., concur.