■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIOVANNI CORPORAN, Also Known as ANGEL SANTIAGO, Appellant. [22 NYS3d 441]—

Appeal from judgments, Supreme Court, New York County (Laura A. Ward, J.), rendered November 14, 2012, convicting defendant, upon his pleas of guilty, of attempted criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 5½ years and 6 years, respectively, held in abeyance, and the matter remanded for further proceedings in accordance herewith.

As the People concede, the court failed to warn defendant of the potential for deportation during the 2002 plea proceeding (*see People v Peque*, 22 NY3d 168, 176 [2013], *cert denied sub nom. Thomas v New York*, 574 US —, 135 S Ct 90 [2014]). At the 2005 plea proceeding, which addressed the 2002 and 2005 cases after defendant had absconded before the scheduled sentencing on his 2002 conviction, the court did raise the issue of deportation. However, defendant was deprived of effective assistance when his counsel undermined the court's warning and understated the potential for deportation by remarking that the plea would "not necessarily" result in deportation, and that defendant only "might be deported" (*see People v Hemans*, 132 AD3d 428 [1st Dept 2015]). In fact, it was clear that defendant's plea of guilty to an aggravated felony triggered mandatory deportation under federal law (*see* 8 USC § 1227 [a] [2] [A] [iii]).

Defendant should be afforded the opportunity to move to vacate his plea upon a showing that there is a "reasonable probability" that he would not have pleaded guilty had he been made aware of the deportation consequences of his plea (*see Peque*, 22 NY3d at 199-200; *see also People v Chacko*, 99 AD3d 527 [1st Dept 2012], *lv denied* 20 NY3d 1060 [2013]). Accordingly, we remit for the remedy set forth in *Peque* (22 NY3d at 200-201), and hold the appeal in abeyance for that purpose.

We have considered and rejected the People's arguments that defendant was required to preserve his claims concerning potential deportation, that the ineffective assistance claim is unreviewable, and that defendant's claims are barred by his

misconduct in absconding. We also reject defendant's claim that he is entitled to outright reversal of the judgment on a separate ground of involuntariness. Although defendant received erroneous information as to his potential sentence in the event he violated the conditions of the plea agreement, this reference to a sentence greater than the maximum legally permissible term could not have "induced" him to plead guilty (*People v Monroe*, 21 NY3d 875, 878 [2013]). Concur—Renwick, J.P., Andrias, Saxe, Moskowitz, JJ.