■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINA RODRIGUEZ, Appellant. [56 NYS3d 147]—

Appeals by the defendant (1) from a judgment of the Supreme Court, Suffolk County (Cohen, J.), rendered April 4, 2013, convicting her of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) and aggravated unlicensed operation of a motor vehicle in the third degree, upon her plea of guilty, and imposing sentence, and (2), by permission, from an order of the same court dated October 2, 2014, which denied, without a hearing, her motion pursuant to CPL 440.10 to vacate the judgment rendered April 4, 2013.

Ordered that the judgment and the order are affirmed.

The defendant, a citizen of El Salvador, pleaded guilty to driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) and aggravated unlicensed operation of a motor vehicle in exchange for a sentence that included a conditional discharge. The Supreme Court subsequently imposed sentence on April 4, 2013, in accordance with the terms of the plea agreement. The defendant appeals.

Approximately one year after sentencing, the defendant moved to vacate the judgment of conviction pursuant to CPL 440.10. She submitted, inter alia, her own affidavit, in which she stated that the Supreme Court "never informed [her] of the immigration consequences of this plea," and that her attorney never answered her questions "regarding whether pleading guilty would have any immigration consequences." In an order dated October 2, 2014, the court denied, without a hearing, the defendant's motion to vacate the judgment. By decision and order on application dated August 3, 2015, a Justice of this Court granted leave to appeal.

Contrary to the defendant's contention, the record of the plea proceeding confirms that the Supreme Court fulfilled its independent constitutional obligation to ascertain whether the defendant's plea was voluntary by alerting her that she would be deported as a consequence of pleading guilty (see generally People v Peque, 22 NY3d 168, 193-197 [2013]).

The Supreme Court also properly denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment on the ground that the defendant received ineffective assistance of counsel under the United States Constitution. To prevail on a claim of ineffective assistance of counsel under the Sixth Amendment of the United States Constitution, the defendant must satisfy the two-prong standard of Strickland v Washington (466 US 668, 687 [1984]). "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense" (id. at 687). In Padilla v Kentucky (559 US 356, 369 [2010]), the United States Supreme Court applied the Strickland framework to a defense attorney's advice, or lack thereof, regarding the immigration consequences of a plea of guilty, reasoning that modern immigration law made the possibility of deportation so central to a noncitizen defendant's decision to plead guilty that defense counsel had to inform the defendant about it prior to his or her plea of guilty (see People v Hernandez, 22 NY3d 972, 975 [2013]).

Here, although the defendant contends that her attorney

failed to advise her that pleading guilty would lead to her deportation, the record demonstrates that the defendant was properly advised of this consequence by the Supreme Court. Under the circumstances of this case, even if defense counsel failed to advise the defendant of the possible immigration consequences of pleading guilty, the defendant was indisputably aware of those possible consequences before she entered her plea. Accordingly, under the federal standard for a claim of ineffective assistance of counsel, the only standard invoked by the defendant in support of her motion and on appeal, the defendant cannot show prejudice resulting from her attorney's alleged failure to provide that advice herself (*see People v Rampersaud*, 121 AD3d 721, 722-723 [2014]). In other words, there is no reasonable probability that the defendant would not have pleaded guilty but for counsel's alleged deficiency (*see People v Hernandez*, 22 NY3d at 976; *compare People v Rampersaud*, 121 AD3d 721 [2014], *with People v Roberts*, 143 AD3d 843 [2016]).

The defendant's remaining contentions are without merit. Chambers, J.P., Sgroi, Duffy and Barros, JJ., concur.