■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIOVANNI CORPORAN, Also Known as ANGEL SANTIAGO, Appellant. [58 NYS3d 328]—

Judgments, Supreme Court, New York County (Laura A. Ward, J.), rendered November 14, 2012, convicting defendant, upon his peas of guilty, of attempted criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 5 ½ and 6 years, respectively, unanimously affirmed.

We previously held this appeal in abeyance (135 AD3d 485 [1st Dept 2016]) in order to afford defendant the opportunity to demonstrate a "reasonable probability" that he would not have pleaded guilty had he been made aware of the deportation consequences of his plea (*see People v Peque*, 22 NY3d 168, 199, 200 [2013], *cert denied* 574 US —, 135 S Ct 90 [2014]). Based upon the evidence adduced at the hearing, at which defendant, who has been deported, testified by videoconferencing, we find that defendant did not meet that burden. Initially, we find no basis for disturbing the court's credibility determinations.

By pleading guilty, defendant received a lenient disposition, which included a sentence of probation if he complied with all plea conditions. Defendant faced extensive prison terms if convicted after trial of the crimes that led to his 2002 and 2005 pleas, and acquittal of any of those crimes was unlikely. One of the two drug sales involved in the case resulting in the 2002

plea carried a potential life sentence, and the strength of the People's case regarding those sales was apparent from the felony complaint. The facts set forth in the complaint supported a compelling inference that, in both instances, defendant was a participant in a drug-selling operation. A defense that, on two separate days, defendant did nothing more than innocently direct the undercover buyer to a source of drugs offered little hope of success. Defendant failed to demonstrate that he had significant ties to the United States. The evidence showed that he had a daughter in the Dominican Republic, but no family in the United States, at the time of his 2002 plea. Defendant's claim of an impending marriage to a United States citizen was undermined by the fact that he did not marry that person, despite ample opportunity to do so long before being incarcerated and deported.

Accordingly, we conclude that defendant failed to establish that he was prejudiced by the court's failure to warn him of the immigration consequences of his plea at the 2002 proceeding, or by any misleading immigration-related remarks by his counsel at the 2005 proceeding, where defendant again received a lenient disposition involving yet another serious drug charge. Concur—Acosta, P.J., Renwick, Andrias and Moskowitz, JJ.