■ The People of the State of New York, Respondent, v Pierre Candel, Appellant. [55 NYS3d 654]—

Order, Supreme Court, New York County (Bruce Allen, J.), entered on or about May 22, 2015, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction rendered July 30, 2008, unanimously reversed, on the law, and the matter remanded for an evidentiary hearing.

Defendant alleged in support of his CPL 440.10 motion that counsel at his plea affirmatively misadvised him (*see generally People v McDonald*, 1 NY3d 109, 111 [2003]) that he "could" be

deported, but "maybe" could avoid deportation if he stayed out of further trouble. However, since defendant pleaded guilty to an aggravated felony under federal law, deportation was mandatory irrespective of subsequent good behavior (*see People v Corporan*, 135 AD3d 485 [1st Dept 2016]). Defendant also alleged that, although he was innocent, he accepted what he thought was a favorable plea because it involved a sentence of probation, whereas, had he known that deportation was mandatory, he would have asked counsel to negotiate a disposition with less onerous deportation consequences or would have proceeded to trial, in light of the fact that he has family here.

Defendant raised sufficient questions of fact concerning the effectiveness of counsel's assistance to warrant a hearing on the content of counsel's immigration advice, and whether defendant was prejudiced (*see id.*). Concur—Sweeny, J.P., Mazzarelli, Webber, Kahn and Kern, JJ.