The People of the State of New York, Respondent,
against
Romeo Moreno, Appellant.




Appellate Advocates (Angad Singh), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.

Appeal, by permission, from an order of the Criminal Court of the City of New York, Richmond County (Alan J. Meyer, J.), dated November 14, 2016. The order denied, without a hearing, defendant's motion, pursuant to CPL 440.10, to vacate a judgment convicting him, upon his plea of guilty, of assault in the third degree.




ORDERED that the order is affirmed.
Defendant was charged in a felony complaint with strangulation in the second degree (Penal Law § 121.12), criminal obstruction of breathing or blood circulation (Penal Law § 121.11 [a]), assault in the third degree (Penal Law § 120.00 [1]), and harassment in the second degree (Penal Law § 240.26 [1]). On January 28, 2014, as part of a plea bargain, an additional count of assault in the third degree (Penal Law § 120.00 [2]) was added to the accusatory instrument and, after notations were made on the face of the instrument, the other counts were dismissed. Defendant then pleaded guilty to assault in the third degree (Penal Law § 120.00 [2]) and was sentenced, as agreed upon, to six months' incarceration. During the plea allocution, the court asked defendant, who was represented by counsel, if he understood that he "will be deported" based upon the plea, and defendant responded in the affirmative. On June 9, 2016, defendant moved, pursuant to CPL 440.10 (1) (h), to vacate the judgment of conviction on the ground that he had been denied the effective assistance of counsel. In support of the motion, defendant, who [*2]is an undocumented immigrant, submitted an affidavit in which he stated that his former counsel had misadvised him, before he had entered into the plea, by telling him that he "could have problems with immigration" as a consequence of taking the plea and reassuring him that he should not worry, thereby downplaying the likelihood of an immigration problem. Defendant further alleged that the conviction foreclosed his eligibility under the Deferred Action for Childhood Arrivals (DACA) program, which was his only avenue to legally remain in the United States and avoid removal. Alternatively, defendant requested that the court conduct an evidentiary hearing on the motion pursuant to CPL 440.30 (5).
In an order dated November 14, 2016, the Criminal Court, without conducting a hearing, denied defendant's motion, finding that, even if it were to assume that defense counsel's advice had been incorrect, defendant had failed to show that he had been prejudiced by his counsel's alleged ineffectiveness. By decision and order on application dated March 30, 2017, a justice of this court granted defendant leave to appeal from the November 14, 2016 order (see CPL 450.15 [1]). On appeal, defendant contends that the Criminal Court erred in denying his motion, since he had demonstrated that his attorney's performance at the plea proceeding was constitutionally deficient and that he was prejudiced thereby.
A defendant's right to the effective assistance of counsel is guaranteed by both the Federal and State Constitutions (see US Const, 6th Amend; NY Const, art I, § 6). When a defendant seeks to challenge his guilty plea on the ground of ineffective assistance of counsel under the federal standard, he must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced him (see Strickland v Washington, 466 US 668, 687 [1984]). The first prong of the Strickland test requires a showing that counsel's representation fell below an objective standard of reasonableness (see Strickland, 466 US at 687-688).The second prong, also known as the prejudice prong, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process" (Hill v Lockhart, 474 US 52, 59 [1985]). In order to satisfy the second prong, a "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (Hill, 474 US at 59). The core of the inquiry under the New York State standard is whether a defendant received "meaningful representation" (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137 [1981]). In making that assessment, a court must view counsel's performance in its totality, and, while the state standard does not require a defendant to "fully satisfy the prejudice test of Strickland," a defendant's showing of prejudice is regarded as a "significant but not indispensable element" in assessing meaningful representation (People v Caban, 5 NY3d 143, 155-156 [2005] [internal quotation marks omitted]; see also People v Nicholson, 26 NY3d 813, 831 [2016]). 
We need not pass on whether there was a deficiency in counsel's performance here, or what defense counsel's duty may have been in advising defendant about the consequences of pleading guilty with respect to his eligibility under the DACA program (see generally People v Abdallah, 153 AD3d 1424 [2017]; Sanchez v State, 890 NW2d 716 [Minn 2017] [finding that, even though the defendant lost his DACA eligibility as a result of his guilty plea, the defense counsel had satisfied his obligation under the Sixth Amendment because, even if Padilla v Kentucky (559 US 356 [2010]) applies to the review of relevant case law and administrative interpretations, only a general warning about the immigration consequences is required]; Sanchez [*3]v State, 2015 WL 691700, 29 NE3d 181 [Ind Ct App 2015] [rejecting ineffective assistance of counsel claim where counsel told the defendant, who had received DACA status prior to his arrest, that he could be deported as a result of his conviction because the removal consequences were not clear]), since, under the particular circumstances herein, the Criminal Court properly denied defendant's motion without an evidentiary hearing as there was no disputable material issue of fact. Defendant failed to establish, sufficiently to warrant an evidentiary hearing, that his attorney's allegedly deficient advice had the requisite impact on his defense under either the federal or state standards since he was subsequently made indisputably aware by the court that he "will be deported" before he entered his guilty plea (see United States v Bhindar, 2010 WL 2633858 [US Dist Ct, SD NY, 2010, No. 07 Cr 711-04]; Ellington v United States, 2010 WL 1631497 [US Dist Ct, SD NY, 2010, No. 09 Civ 4539]; People v Rodriguez, 150 AD3d 1029 [2017]; People v Rampersaud, 121 AD3d 721 [2014]; People v John, 52 Misc 3d 61 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; cf. People v Roberts, 143 AD3d 843 [2016]; People v Corporan, 135 AD3d 485 [2016]). Consequently, based upon the clear admonition by the Criminal Court, defendant cannot show prejudice resulting from his attorney's alleged misadvice (see Lee v United States, 137 S Ct 1958, 1968 n 4 [2017]; Rodriguez, 150 AD3d 1029; Rampersaud, 121 AD3d 721).
Accordingly, the order is affirmed.
ELLIOT, J.P., PESCE and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 02, 2018