People v Facey (2020 NY Slip Op 01182)





People v Facey


2020 NY Slip Op 01182


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-09217
 (Ind. No. 388/15)

[*1]The People of the State of New York, respondent,
v
Howard Facey, appellant.


Mani Tafari, Melville, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Tina L. Guccione of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the County Court, Rockland County (Kevin F. Russo, J.), entered July 27, 2018, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered January 25, 2017, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the order is affirmed.
The defendant, a citizen of Jamaica, pleaded guilty to robbery in the second degree, and was sentenced to a determinate term of imprisonment of 3½ years plus 3 years of postrelease supervision. He appealed from the judgment, arguing, among other things, that his plea of guilty was not knowing and voluntary because the County Court failed to sufficiently advise him of the deportation consequences of his plea of guilty. This Court affirmed the judgment (see People v Facey, 167 AD3d 932).
The defendant also moved to vacate the judgment of conviction pursuant to CPL 440.10, contending that he was denied the effective assistance of counsel by his counsel's failure to properly advise him of the immigration consequences of his plea. The County Court denied the motion without conducting a hearing. A Justice of this Court granted the defendant leave to appeal.
A defendant has the right to the effective assistance of counsel before deciding whether to plead guilty (see US Const Amend VI; Padilla v Kentucky, 559 US 356, 364; People v Baldi, 54 NY2d 137, 146). To prevail on a claim of ineffective assistance under the federal constitution, a defendant "must show that counsel's representation fell below an objective standard of reasonableness" (Strickland v Washington, 466 US 668, 688) and "that the deficient performance prejudiced the defense" (id. at 687). In the plea context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial, or that the outcome of the proceedings would have been different" (People v Parson, 27 NY3d 1107, 1108 [internal quotation marks omitted]; see Hill v Lockhart, 474 US 52, 59; People v Hernandez, 22 NY3d 972, 975). Under the New York constitution, a defendant must show that he or she was not afforded "meaningful representation" (People v Baldi, 54 NY2d at 147), which also entails a two-pronged test. The first prong is identical to its federal counterpart (see People v Galan, 116 AD3d 787, 789). The second prong contains a [*2]"prejudice component [which] focuses on the fairness of the process as a whole rather than its particular impact on the outcome of the case'" (People v Caban, 5 NY3d 143, 156, quoting People v Benevento, 91 NY2d 708, 714).
We agree with the County Court's determination denying the defendant's motion without an evidentiary hearing. The defendant failed to establish, sufficiently to warrant an evidentiary hearing, that his attorney's alleged misstatement had the requisite impact on his defense under either the federal or state standards (cf. People v Malik, 166 AD3d 650, 652; People v Roberts, 143 AD3d 843, 846). Prior to the acceptance of the plea, the County Court repeatedly stated that the plea could result in the defendant's deportation (see People v Facey, 167 AD3d at 933). Under the circumstances of this case, even if defense counsel had failed to properly advise the defendant of the immigration consequences of pleading guilty, the defendant was indisputably aware of those possible consequences before he entered his plea. Accordingly, the defendant cannot show prejudice resulting from his attorney's alleged failure to provide that advice himself (see People v Rodriguez, 150 AD3d 1029, 1031; People v Rampersaud, 121 AD3d 721, 722). Additionally, the defendant failed to demonstrate that an incentive to remain in the United States would have made it rational to reject a favorable plea offer considering the strength of the People's case (see People v Hernandez, 22 NY3d at 976; People v Corporan, 151 AD3d 627, 628). Thus, we agree with the County Court's determination denying the defendant's motion to vacate his judgment of conviction on the ground of ineffective assistance of counsel.
AUSTIN, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court