People v Innocent (2021 NY Slip Op 02176)





People v Innocent


2021 NY Slip Op 02176


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2017-11114
 (Ind. No. 884/16)

[*1]The People of the State of New York, respondent,
v
Wenky Innocent, appellant.


Steven A. Feldman, Manhasset, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Thomas C. Costello and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered March 17, 2017, convicting him of promoting a sexual performance by a child (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant, a citizen of Haiti, pleaded guilty to two counts of promoting a sexual performance by a child. The County Court sentenced him to concurrent 10-year periods of probation. The defendant appeals from the judgment of conviction, claiming that his attorney misadvised him as to the immigration consequences of his plea of guilty.
The defendant failed to preserve for appellate review his claim that his plea of guilty was not knowingly, intelligently, and voluntarily entered (see People v Hazel, 145 AD3d 797, 798). The defendant did not move to withdraw his plea of guilty, and his motion to vacate his conviction is not properly before this Court on this appeal (see People v Phipps, 127 AD3d 1500, 1501-1502).
In any event, and to the extent the defendant's contention can be construed as a claim of ineffective assistance of counsel, which need not be preserved (see People v Jones, 55 NY2d 771, 773), the defendant's contention lacks merit. It is clear from the record of the plea proceeding that the County Court advised the defendant that he will be subject to mandatory deportation as a result of his plea of guilty. The defendant acknowledged his understanding of this and confirmed that he had discussed the issue with his attorney, had no questions, and still wished to plead guilty. Thus, even assuming that a certain statement made by defense counsel at the conclusion of the plea proceeding could be construed as him having misadvised the defendant as to the immigration consequences of pleading guilty, the defendant's claim that such misadvice rendered his plea of guilty unknowing, unintelligent, and involuntary is without merit (see generally People v Facey, 180 AD3d 927, 929; People v Ottey, 175 AD3d 1324, 1326-1327; People v Rodriguez, 150 AD3d 1029, 1030-1031).
DILLON, J.P., AUSTIN, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court