People v Singh (2024 NY Slip Op 04784)

People v Singh

2024 NY Slip Op 04784

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-08882
 (Ind. No. 70538/20)

[*1]The People of the State of New York, respondent,
v
Baldev Singh, appellant. 

John Healy, Uniondale, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Sarah S. Rabinowitz and Kevin C. King of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Nassau County (Helene F. Gugerty, J.), dated August 31, 2023, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered September 2, 2021, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the order is affirmed.
For his act of, inter alia, striking another person with a sword and thereby causing injury to that person, the defendant, a citizen of India, was convicted, upon his guilty plea, of assault in the second degree. The defendant subsequently moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground of ineffective assistance of trial counsel, contending, inter alia, that his attorney had failed to advise him of the immigration consequences of his guilty plea and did not conduct a proper investigation of discovery materials, and that the defendant was unable to properly understand the interpreter that had been provided for him at his plea proceeding. By order dated August 31, 2023, the Supreme Court denied the motion without a hearing. The defendant appeals, by permission.
The Supreme Court properly denied the defendant's motion without an evidentiary hearing. The defendant failed to establish, sufficiently to warrant an evidentiary hearing, that his attorney's alleged misstatement had the requisite impact on his defense under either the federal or state standards (see People v Facey, 180 AD3d 927, 929; People v Rodriguez, 150 AD3d 1029, 1030-1031; People v Rampersaud, 121 AD3d 721, 722). It is clear from the record of the plea proceeding that prior to the acceptance of the plea, the court advised the defendant that he may be subject to "deportation, exclusion or denial of naturalization" and further that he "may be released prior to the minimum term of imprisonment for the purposes of deportation" as a result of his plea of guilty. The defendant acknowledged his understanding of both of these warnings and confirmed that he still wished to plead guilty. Under the circumstances of this case, even if defense counsel had failed to properly advise the defendant of the immigration consequences of pleading guilty, the defendant was indisputably aware of the possible consequences of pleading guilty before he entered his favorable plea. Accordingly, the defendant cannot show prejudice resulting from his attorney's alleged failure to provide that advice himself (see People v Facey, 180 AD3d at 929; People v [*2]Rodriguez, 150 AD3d at 1031), and there is no reasonable probability that the defendant would not have pleaded guilty but for counsel's alleged deficiency (see People v Hernandez, 22 NY3d 972, 976; People v Rodriguez, 150 AD3d at 1030-1031). Furthermore, to the extent that the defendant alleges that his plea of guilty was unknowing, unintelligent, and involuntary on this ground, such a claim is without merit (see People v Innocent, 193 AD3d 761).
The defendant's remaining contentions are without merit.
LASALLE, P.J., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court