People v Lewis
2026 NY Slip Op 03001
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, appellant,
v
Ebenezer Lewis, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2025-00408, (Ind. No. 519/12)
Francesca E. Connolly, J.P.
Linda Christopher
Lourdes M. Ventura
Donna-Marie E. Golia, JJ.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Nicholas Isaacson of counsel), for appellant.
Joseph F. DeFelice, Kew Gardens, NY, for respondent.

[*1]
DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Queens County (David J. Kirschner, J.), dated December 10, 2024. The order, without a hearing, granted that branch of the defendant's motion which was pursuant to CPL 440.10(1)(h) to vacate a judgment of the same court (Joel L. Blumenfeld, J.) rendered September 5, 2012, convicting him of assault in the second degree and endangering the welfare of child, upon his plea of guilty, and imposing sentence, on the ground of ineffective assistance of counsel.
ORDERED that the order is reversed, on the law, that branch of the defendant's motion which was pursuant to CPL 440.10(1)(h) to vacate the judgment rendered September 5, 2012, on the ground of ineffective assistance of counsel is denied, and the judgment is reinstated.
In 2012, the defendant, a citizen of Guyana, was convicted of assault in the second degree and endangering the welfare of a child, upon his plea of guilty. In August 2024, the defendant moved, inter alia, pursuant to CPL 440.10(1)(h) to vacate his judgment of conviction on the ground of ineffective assistance of counsel, contending, among other things, that defense counsel had failed to advise him of the immigration consequences of his plea. In an order dated December 10, 2024, the Supreme Court, without a hearing, granted that branch of the defendant's motion and vacated the judgment of conviction. The People appeal.
The Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPL 440.10(1)(h) to vacate his judgment of conviction on the ground of ineffective assistance of counsel. The defendant failed to establish, sufficiently to warrant an evidentiary hearing, that his counsel's allegedly deficient advice deprived him of the effective assistance of counsel under either the federal or state constitutional standards (see People v Hernandez, 242 AD3d 1112, 1113; People v Alleyne, 183 AD3d 834, 835). It is clear from the record of the plea proceeding that prior to accepting the plea, the court advised the defendant that he may be subject to deportation as a result of his plea of guilty. The defendant acknowledged his understanding thereof and confirmed that he wished to plead guilty. Under the circumstances of this case, even if defense counsel had failed to advise the defendant of the possible immigration consequences of pleading guilty, the defendant was indisputably aware of those possible consequences before he entered his favorable plea (see People v Singh, 231 AD3d 749, 750). Accordingly, the defendant cannot show [*2]prejudice resulting from defense counsel's alleged failure to provide that advice himself (see People v Rodriguez, 150 AD3d 1029, 1031), and there is no reasonable probability that the defendant would not have pleaded guilty but for defense counsel's alleged deficiency (see People v Hernandez, 242 AD3d at 1114; People v Singh, 231 AD3d at 750).
The defendant's remaining contentions are without merit.
Accordingly, we reverse the order, deny that branch of the defendant's motion which was pursuant to CPL 440.10(1)(h) to vacate his judgment of conviction on the ground of ineffective assistance of counsel, and reinstate the judgment of conviction.
CONNOLLY, J.P., CHRISTOPHER, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court